**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

Civil Case No. 3:23-cv-00328-WHR-MRM

GS HOLISTIC, LLC,

Plaintiff/Counter Defendants,

v.

SPRINGBORO VAPE & SMOKE SHOP LLC d/b/a SPRINGBORO VAPE & SMOKE SHOP and LOU AFANA,

Defendants/Counterclaimants.
_________________________________/

## MOTION TO DISMISS COUNTERCLAIM (D.E. 15)

The Plaintiff/Counter Defendant, GS HOLISTIC, LLC (hereinafter referred to as the "Manufacturer"), by and through its undersigned counsel and pursuant to F.R.Civ.P. 12(b)(6), hereby moves this Court for an order dismissing the Counterclaim (D.E. 15) of SPRINGBORO VAPE & SMOKE SHOP LLC d/b/a SPRINGBORO VAPE & SMOKE SHOP and LOU AFANA (hereinafter referred to as the "Retailers") for failure to state a claim upon which relief may be granted. In support of this motion, the Manufacturer states as follows:

### Introduction

The Retailers claim that the Manufacturer abused the process by using the above styled litigation to coerce the Retailers into committing to a product purchase agreement and to establish a business relationship with the Plaintiff.

### Factual Background

The Plaintiff manufactures and distributes high-quality gravity water-pipes for the purpose of smoking tobacco, herbs, CBD, etc. to infuse smoke into food products. These products are sold

with specific trademarks which identify the products as being high quality.

Unfortunately, as with many forms of goods which are successfully sold in the American marketplace, counterfeiters have targeted the products of the Manufacturer and have been distributing counterfeit Stündenglass gravity infusers to retail stores, including the Retailers' store and many similar sales outlets.

As such the Manufacturer has been forced to take legal action against Chinese counterfeiters and distributors, American distributors, and retailers in order to start to curtail the influx of counterfeit goods to the public.

In the case at bar, the Retailers were caught red-handed offering for sale counterfeit Stündenglass gravity infusers with 3 of the Manufacturer's registered marks on it. They are not only requiring strict proof of their own activities, but worse, they are now attempting to cast wrongful aspersions against the Manufacturer for simply attempting to get the case settled.

The allegations averred in the Counterclaim are for the most part conclusive statements which are generally accusatory. The Retailers claim that the purpose of the lawsuit, *sub juris*, is to coerce the Retailers into committing to purchase the Manufacturer's products when the suit only calls for "*de minimis*" damages.

The Manufacturer disagrees with the facts alleged by the Retailers, and, nevertheless, only for the purposes of this motion, accepts that the stated facts may be assumed *arguendo* to be true.

## **Argument**

### I. Requirements of a Complaint (Counterclaim)

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this standard, "a complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted" under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. " *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In this case, the Retailers have failed to provide sufficient factual allegations and even if they could define which documents or which aspects of the litigation are done to use for an improper purpose, the fact that offers were made pursuant to Rule 408 of the Federal Rules of Evidence, is not a basis for a claim for abuse of process.

To survive a motion to dismiss, a complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). This, however, requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. In the present case, all the Retailers could plead were general conclusory statements.

**II. The Counterclaim Fails to State a Claim**

The Defendants' counterclaim is for Abuse of Process. The Retailers allege that the Plaintiff is using this litigation "for an ulterior purpose for which it was not designed." Furthermore, they alleged that "[r]ather than merely seeking compensation for the *de minimis* damages stemming from the purchase and re-sale of one allegedly infringing item by Defendant, the true purpose of Plaintiff to coerce Defendant into committing to purchase a minimum recurring order of Plaintiff's products." [DE 14]. The Retailers have failed to state a claim upon which relief

can be granted because the Retailers have not alleged facts that the Plaintiff's actions are illegal or improper to support a claim for abuse of process.

To establish such a claim for abuse of process, a party "must establish the following elements: (1) a legal proceeding has been commenced in proper form and with probable cause; (2) the proceeding has been perverted to attempt to accomplish an ulterior motive for which it was not designed; and (3) direct damage has resulted from the wrongful use of process." *SASC, LLC v. Sch. Supply Conn., Inc.*, 2024 U.S. Dist. LEXIS 44296, *21, 2024 WL 1091799 (citing *All Metal Sales, Inc. v. All Metal Source, LLC*, 2011 U.S. Dist. LEXIS 25019, 2011 WL 867020, at *1 (N.D. Ohio Mar. 11, 2011)). Under Ohio law, abuse of process does not encompass claims alleging that a lawsuit was properly brought, but with a malicious or improper motive. *See, Yaklevich v. Kem, Schaeffer & Rowe Co*., 68 Ohio St. 3d 294, 297-98, 1994 Ohio 503, 626 N.E.2d 115 & N.2 (1994). "The gravamen of the abuse of process tort is not the wrongfulness of the prosecution, but some extortionate perversion of lawfully initiated process to illegitimate ends." *Heck v. Humphrey*, 512 U.S. 477, 486 n.5, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

As stated above, the Retailers allege that the Manufacturer is abusing the judicial process by making a settlement offer containing a product purchase agreement, that was requested by the Retailers. Yet, the Manufacturer has a right to seek damages pursuant to the Lanham Act for the Retailers' acts of trademark infringement and counterfeiting.

In fact, the Manufacturer has obtained numerous judgments albeit by default, for amounts in excess of $100,000.

The fact that a settlement offer was made, whether it was for a specific demand of money damages, or a more complex arrangement to turn the counterfeiters into legitimate purchases of goods for value, the making a settlement demand is neither illegal nor improper, but in fact, serves

the interests expressed, affirmatively, by the courts as proper including pursuit of efficient resolution and conservation of judicial resources.

In a recent decision by this Court, on October 8, 2024, in the matter *GS Holistic v. Wireless and Smoke LLC. et al.*, Case No 1:23-cv-00748, dismissing the counterclaim for abuse of process, his Honor, Judge Walter H. Rice held:

> Defendants have alleged nothing more than Plaintiff filing numerous cases and then making settlement demands that contain licensing agreements therein. (Doc. #6, PAGEID 35, ¶ 23). In other words, Plaintiff has done exactly what numerous civil litigants do every day in District Courts across the country, and its alleged conduct cannot be considered nefarious or tortious. Without more, Plaintiff cannot be liable for abuse of process, and the Court therefore dismisses Claim Two.

Similar to *GS Holistic v. Wireless and Smoke LLC*. et al., here, the Manufacturer's alleged action of making a settlement demand cannot be considered tortious. The Retailers do not allege further facts that support abuse of process, and they failed to state a claim upon which relief can be granted. Therefore, the Counterclaim for Abuse of Process should be dismissed.

## Conclusion

WHEREFORE, the Plaintiff, GS HOLISTIC, LLC, respectfully requests the Court to dismiss the Counterclaimants, SPRINGBORO VAPE & SMOKE SHOP LLC d/b/a SPRINGBORO VAPE & SMOKE SHOP and LOU AFANA, Counterclaim, and grant such further and other relief as this Honorable Court may deem just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served this 28th day of October, 2024 to all Parties listed on the Service List.

*/s/ John D. Hoffman, Jr.*
John D. Hoffman, Jr.
OH Bar No. 0099803
John Hoffman Law Office LLC
137 Heritage Woods Dr.
Suite 210
Akron, OH 44321
john@jdh-law.com
Serv609@LegalBrains.com
Telephone: 561-232-2222
*Attorney for the Plaintiff*