IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CASE NO: 3:23-CV-00328-WHR-MRM

GS HOLISTIC, LLC,

Plaintiff,

v.

SPRINGBORO VAPE & SMOKE SHOP LLC
d/b/a SPRINGBORO VAPE & SMOKE SHOP
and LOU AFANA,

Defendants.
_______________________________________/

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
**REGARDING VALIDITY AND OWNERSHIP OF ITS TRADEMARKS**

The Plaintiff, GS HOLISTIC, LLC (hereinafter referred as "GS" or the "Plaintiff"), by and through its undersigned counsel hereby moves for partial summary judgment as to the validity of its trademarks and in support thereof states as follows:

**Undisputed Material Facts**

The following facts are presented by GS as Undisputed Material Facts, which are necessary for this Court to enter a Partial Summary Judgment, as to the following issues, which are unrefuted. The Court is asked to determine that the following facts are true:

1. GS Holistic, LLC is the owner of federal trademarks with U.S. Trademark Registration Numbers: 6,633,884; 6,174,292; 6,174,291. *See* Declaration of Folkerts at ¶ 8.

2. GS Holistic's trademarks with U.S. Trademark Registration Numbers: 6,633,884; 6,174,292; 6,174,291 appear on all of GS Holistic's authentic Stündenglass gravity infuser waterpipes and their packaging. *See* Declaration of Folkerts at ¶ 8.

3. GS Holistic, LLC has used its trademarks with U.S. Trademark Registration Numbers: 6,633,884; 6,174,292; 6,174,291 in commerce and in connection with Stündenglass gravity infuser waterpipes since 2019. *See* Declaration of Folkerts at ¶ 10.

4. GS Holistic, LLC's trademarks with U.S. Trademark Registration Numbers: 6,633,884; 6,174,292; 6,174,291 are published on the Principal Register. *See* Declaration of Folkerts at ¶ 13.

5. GS Holistic, LLC's trademarks with U.S. Trademark Registration Numbers: 6,633,884; 6,174,292; 6,174,291 are registered and such registrations have issued to GS Holistic, LLC, having survived prosecution before the United States Patent and Trademark Office. *See* Declaration of Folkerts at ¶ 8.

6. GS Holistic, LLC's trademarks with U.S. Trademark Registration Numbers: 6,633,884; 6,174,292; 6,174,291 are valid and owned by GS Holistic, LLC. *See* Declaration of Folkerts at ¶ 8.

7. GS's Stündenglass gravity infuser waterpipes are distributed and sold to consumers through authorized distributors, authorized retailer stores, and via its internet website: https://stundenglass.com/ throughout the United States, including Ohio. *See* Declaration of Folkerts at ¶ 6.

8. GS uses its federal trademarks on and in connection with the advertisement and sale of its gravity infuser waterpipes. *Id*. at ¶ 7. GS's relevant trademarks in this case include the following:

1. U.S. Trademark Registration Number 6,633,884 for the standard character mark "Stündenglass" in association with goods further identified in registration in international classes 011 and 021;
2. U.S. Trademark Registration Number 6,174,292 for the design plus words mark "S" and its logo in association with goods further identified in the registration in international class 034;

3. U.S. Trademark Registration Number 6,174,291 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 034.

*See* Declaration of Folkerts and its Exhibits A, GS's Certificates of Registrations.

9. GS applies its trademarks to gravity infuser waterpipes and its packaging to identify the source of the products. Id. at ¶ 12.

10. The Stündenglass Trademarks have been used exclusively by GS. *Id*. at ¶ 9.

11. In addition, GS's gravity infuser waterpipes have been widely used and recognized in both the smoking and culinary industries for a variety of inhalation and infusion purposes. *Id*. at ¶ 11.

**Legal Argument**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Id*. at 325.

Once the burden shifts, the non-movant must show sufficient evidence to create a genuine issue of material fact. *See*, *Klepper v. First M. Bank,* 916 F.2d 337, 341-342 (6th Cir. 1990) (citing *Celotex Corp.*, 477 U.S. at 322). A mere scintilla of evidence is insufficient to meet this burden; rather, "there must be evidence on which the jury could reasonably find" for the non-moving party. *Id.* (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986)).

**GS's Trademarks are Presumptively Valid**

GS moves for partial summary judgment on the issue of validity of its Stündenglass Trademarks under the Lanham Act, 15 U.S.C. § 1051, *et seq.*

Here, there is no dispute that GS's Trademarks are valid and protectable, and that the marks are owned by GS Holistic, LLC. *Haas Door Co. v. Haas Garage Door Co*., No. 3:13 CV 2507, 2016 U.S. Dist. LEXIS 33970, at *10-11 (N.D. Ohio Mar. 16, 2016).

The issuance of registrations by the United States Patent and Trademark Office for the Stündenglass Trademarks constitutes *prima facie* evidence of the validity, ownership, and exclusive right to use the registered marks. 15 U.S.C. § 1057(b), § 1115(a) *Burke-Parsons-Bowlby Corp. v. Appalachian Log Homes*, 871 F.2d 590, 593 (6th Cir. 1989) (noting that pursuant to 15 U.S.C. § 1115(a), registration of a mark creates a presumption of the mark's validity). Registration of a mark on the Principal Register of the United States Patent and Trademark Office creates a rebuttable presumption that a trademark is valid, that is, either inherently distinctive or descriptive with secondary meaning, and therefore, protectable under federal trademark law. 15 U.S.C. § 1115(a): see also *Leelanau Wine Cellars v. Black & Red*, 502 F.3d 504, 514 (6th Cir. 2007) (quoting *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 638 (7th Cir. 2001). The effect of the statutory presumption contained in § 1115(a) is to shift the burden of proof to the alleged infringer. *ee Burke-Parsons-Bowlby Corp.*, 871 F.2d at 593.

Stündenglass Trademarks have been registered on the Principal Register of the United States Patent and Trademark Office. *See Id*. at ¶ 13. Attached to the Declaration of Christopher Folkerts as Exhibit A, are the certificates of registration for the Stündenglass Trademarks. With this proof, GS shows that it owns the trademarks, and GS has the exclusive right to use the Stündenglass Trademarks in commerce. GS has exclusively used these trademarks continuously

in commerce since 2019. *Id.* at ¶ 10. Accordingly, there is no evidence rebutting the valid registration of the marks or the presumption of validity which GS's trademarks are entitled. [DE].

As such, the record reflects that GS is entitled to the presumption that its marks are valid. As no evidence has been presented by the Defendants rebutting that presumption, GS should be granted summary judgement on the issue of validity in favor of GS and GS's trademarks deemed valid.

**GS ' Trademark are Owned by GS**

GS' Trademarks are not only valid but they are owned by GS. This is one of the Undisputed Material Facts, proven by their registration and then by the Declaration of Chris Folkers which proved that they were owned from the date of registration through the date of this Motion for Summary Judgment consistently without interruption.

## Conclusion

For the foregoing reasons, GS Holistic, LLC respectfully requests that this Court enter summary judgment in favor of GS Holistic, LLC on the issue of validity of its trademarks and find that its trademarks are valid.

Wherefore, the Plaintiff, GS Holistic, LLC, respectfully requests that this Court grant GS Holistic summary judgement in its favor as to the validity of its marks, that this Court find GS Holistic, LLC owns its trademarks and those trademarks are valid and for such further and other relief as this honorable Court may deem just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 6, 2025, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

*/s/ John C. Ridge, Esq.*
Jr. John C. Ridge, Esq.
OH Bar No. 0086046
LLC Ridge Law, LLC
3136 Kingsdale Center #119
Upper Arlington, Ohio 43221
jridge@ridge-law.com
Serv609@LegalBrains.com
Telephone: 614-561-7541
*Attorney for the Plaintiff*